**Peggy Ann MORFELD, Appellant,**

v.

**Dennis J. KEHM, individually and in his official capacity as Prosecuting Attorney of Jefferson County, Missouri, Appellee.**

No. 85–2367.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Oct. 29, 1986.

Robert B. Ramsey, Clayton, Mo., for appellant.

Thomas K. Lammert, Jr., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

LAY, Chief Judge.

This appeal comes to us under unusual circumstances. It resolves itself around the trial court's grant of a "directed verdict" at the close of the plaintiff's opening statement. In opening statement, plaintiff's counsel referred to testimony that would be elicited from the defendant when called as a witness. The defendant objected to the plaintiff's calling the defendant as a witness since the plaintiff had failed to include the defendant's name on the pretrial witness list. Thereafter the defendant moved for a directed verdict and the trial

court sustained this motion. We find that the dismissal of the case at the close of the plaintiff's opening statements was erroneous; we reverse and remand for further proceedings.[1]

This case arises out of allegations made under 42 U.S.C. § 1983 asserting that Dennis Kehm, the Jefferson County, Missouri, prosecutor, falsely accused Peggy Ann Morfeld, a former tax collector for the city of Pevely, Missouri, of theft from municipal court. Morfeld alleges that Kehm threatened to implicate her in the matter in a local newspaper unless she took a polygraph test. When Morfeld refused to take the test, her refusal was published in a local newspaper. Morfeld has alleged, among other things, that this publication has affected her ability to obtain employment.

As the pleadings show, the district judge, the Honorable Steven N. Limbaugh, overruled defendant's motion to dismiss the case. However, the court dismissed at that time several of plaintiff's allegations made under the fifth, sixth, and eighth amendments to the Constitution. No appeal is made as to these rulings.

Even though we hold that the reasons given for dismissal were in error and even though the issue was not raised by the appellee, this court may still affirm the trial court's ruling if the record otherwise demonstrates grounds for affirmance. For this reason we required supplemental briefing from the parties to determine whether the plaintiff has pled a claim justifying recovery under § 1983. Plaintiff claims that a property interest has been adversely affected by defendant's alleged wrongful conduct. Although a suit for defamation

---

1. Plaintiff also appeals certain rulings by the district court concerning interrogatories and restrictions on the plaintiff's opening statement under defendant's motion in limine. We find no abuse of discretion in such rulings. The challenged interrogatories related to the sheriff's conduct in investigation of third parties; none of these questions was related in any way to the facts involved in this case. Plaintiff urges that intent can be found by showing similar conduct or a "common pattern" of the defend-

ant's actions. It is true that the plaintiff must show bad faith of a state officer to overcome a qualified immunity defense under a § 1983 claim. Here the subject area as inquired into by the interrogatories is not similar in kind, *e.g.,* handling other criminal cases, illegal gun transaction by police officers, alleged bribe to judges, so as to fall under Federal Rules of Evidence 404(b) or 406. We find the trial court ruled appropriately on the objections to interrogatories.

alone is not actionable, *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), it is clear that if the plaintiff has been wrongfully denied a property interest, for example a right to employment, as a result of defamatory statements made by a state officer acting under color of state law, then a claim for relief under § 1983 has been stated. *See Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Under the circumstances, we find that the plaintiff has pled sufficient facts, if true, to sustain a verdict. *Bishop v. Tice*, 622 F.2d 349, 354 (8th Cir.1980). Assuming that plaintiff obtains a verdict and if the court is then convinced that a proper claim for relief under § 1983 has not been proven, it may grant a judgment notwithstanding the verdict.[2]

We turn to the trial court's ruling granting the defendant's motion to dismiss after the plaintiff's opening statement. In effect such a motion is nothing more than a motion for judgment on the pleadings. *See Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115–16 (7th Cir.), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970); 2A J. Moore, *Moore's Federal Practice* ¶ 12.15 (2d ed. 1986). Since the plaintiff had produced no evidence at that point in the trial, the motion could not have been directed to the insufficiency of the evidence.

■ A directed verdict after opening statements is proper only if the plaintiff's opening statement embraces all operative facts expected to be proven at trial and then only when such facts under any legal

theory are insufficient to sustain a claim for relief. *Knapp v. Wabash R.R. Co.*, 375 F.2d 983 (8th Cir.1967). Despite the power to direct a verdict at this point in a trial, the district court should exercise "great restraint," and if there is any doubt as to the propriety of a directed verdict, the court should not "jump the gun but should wait until both sides have presented their evidence before ruling on motions for directed verdict." *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir.1983) (citing C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2533 (1971)) (better practice to defer ruling on motion for directed verdict until both sides have rested).

Federal R.Civ.P. 50(a) speaks of a motion for directed verdict "at the close of the evidence offered by an opponent." This rule "expresses the general law that, after a party has rested, a case may be decided against it on the basis of the evidence the party itself introduced." *Gonzalez v. La-Concorde Compagnie D'Assurances*, 601 F.2d 606, 608 (1st Cir.1979). The problem with directing a verdict following plaintiff's opening statement is that no evidence has yet been adduced. In this case, neither the district court nor this court fully knows what evidence Morfeld expected to produce. With such a scanty record, it is difficult to assess facts and inferences in Morfeld's favor and to determine whether "'all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.'" *Dace v. ACF Indus., Inc.*, 722 F.2d

---

**2.** In *Barnett v. Terminal R. Ass'n*, 200 F.2d 893, 896 (8th Cir.) *cert. denied*, 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377 (1953), Judge Sanborn posited the longstanding rule of this circuit when he observed:

It is safe to say that in a case such as the one before us, it is unwise for a trial judge to direct a verdict at the close of the plaintiff's evidence. We think that, even though the trial court is of the opinion that the evidence will not support a verdict for the plaintiff, the court should ordinarily reserve its ruling on a motion for a peremptory instruction until after verdict. That course will usually hasten the ultimate termination of the litigation and best serve the interests of both parties. The

jury's view of the sufficiency of the evidence may coincide with that of the court. If it does not, the court, despite the verdict, can enter judgment for the defendant. An appeal from such a judgment, entered after verdict, will usually terminate the controversy one way or the other, and avoid a retrial with its resulting delay, trouble and expense and the possibility of a second appeal.

*See also Dace v. ACF Indus., Inc.*, 722 F.2d 374, 379 n. 9 (8th Cir.1983), *supplemented*, 728 F.2d 976 (8th Cir.1984); *Passwaters v. General Motors Corp.*, 454 F.2d 1270 (8th Cir.1972); *Craighead v. Missouri Pac. Trans. Co.*, 195 F.2d 652, 657 (8th Cir.1952).

374, 375 (8th Cir.1983) (quoting *Decker-Ruhl Ford Sales, Inc. v. Ford Motor Credit Co.*, 523 F.2d 833, 836 (8th Cir.1975)).[3]

The trial court's ruling after the opening statement focuses on plaintiff's counsel's remarks that certain evidence would be elicited from the defendant Kehm. The court ruled that because Kehm was not listed as one of plaintiff's witnesses, he could not be called as a witness by the plaintiff. We think this ruling was in error.

Federal R.Civ.P. 16(e) and (f) and Local Rule 13 of the Eastern District of Missouri provide that the district court may order pretrial witness disclosure and may, in its discretion, exclude exhibits or refuse to permit testimony of a witness not listed prior to trial, in contravention of a pretrial order. *See Admiral Theatre Corp. v. Douglas Theatre*, 585 F.2d 877, 896–98 (8th Cir.1978); *see also* Fed.R.Civ.P. 37(b)(2)(B). This court has upheld strict compliance by trial courts with their local rules. *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107–08 (8th Cir.1984). An appellate court reviews the trial court's ruling only for manifest error amounting to an abuse of discretion. *Iowa-Missouri Enters., Inc. v. Avern*, 639 F.2d 443, 447 (8th Cir.1981).

In *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir.1982), *aff'd*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984) (citations omitted), the Seventh Circuit listed four factors to be considered when ruling on a party's request to call a witness not included on a pretrial witness list. We find those factors relevant here:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;

(2) the ability of that party to cure the prejudice;

(3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court;

(4) bad faith or willfulness in failing to comply with the court's order.

The primary purpose of the pretrial witness disclosure rule is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial. *See Berroyer v. Hertz*, 672 F.2d 334, 338 (3d Cir.1982). Nonetheless, the exclusion of critical testimony by unlisted witnesses is disfavored. *Franklin Music v. American Broadcasting Co.*, 616 F.2d 528, 539 (3d Cir.1979). In the present case, to say Kehm was without notice that he would be called as a witness is to ignore that his name appeared on his own counsel's list of witnesses. He knew he would be testifying on his own behalf, and he must have known he would be subject to cross-examination. Because unfair surprise is not at issue, the spirit, if not the letter, of the rule regarding pretrial disclosure has not been breached.

Furthermore, we feel that a party to a suit has the right to call another party as an adverse witness at any time in a trial when both sides are aware that a party has relevant knowledge of the facts at issue. It is one thing to be surprised by an undisclosed witness; it is quite another to call as an adverse witness the opposing party in a lawsuit. In this instance, neither side may claim surprise or lack of investigation or discovery.

Courts should be flexible in such discretionary rulings and make certain that an

---

**3.** Ironically, a trial court always instructs a jury that the opening statements of an attorney are not to be considered as evidence and that counsel are merely outlining their evidence as to what their proof will be. The jury is likewise informed that if the evidence as alleged is not proven, then they are to disregard it. A party is not required to state its full case in an opening statement, and failure of counsel to do so should not penalize the party. Opening statements should not be traps for the unwary that might abort a party's entire case because counsel failed to mention a crucial fact. The purpose of opening statements is simply to provide a brief, thumbnail sketch, a general summary of what the case is about. Failure to adhere to this understanding could cause counsel to lengthen trials to be certain that all details of the evidence are revealed in the opening remarks. Thus, a motion for directed verdict should seldom be made after opening statements, and if made, should rarely be sustained.

inadvertent failure to list a witness does not result in binding prejudice against a party. If bad faith is involved, that of course is another matter.[4] The rule should be applied flexibly and pragmatically and should seldom be used to bar a party's use of a witness not disclosed unless bad faith is involved.

We thus find that the court abused its discretion in ruling that the plaintiff could not call the defendant as a witness and in directing a verdict at the close of plaintiff's opening statement. On this basis we vacate the judgment of dismissal and remand the case for a plenary trial.

---

**4.** For example, a party should not attempt surprise in order to avoid discovery by knowingly concealing a witness having relevant knowledge of the subject matter. Conversely the rule requiring parties to list all witnesses who have relevant knowledge of the subject matter should not be abused such that a party might list, for example, 100 names, without any intent of calling more than a few.