**CITIZENS BANK OF BATESVILLE, ARKANSAS, as Guardian of the Estate of Julie Shrum Busby, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

No. 93–2415.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided Feb. 25, 1994.

Counsel who presented argument on behalf of the appellant was Gregory D. Taylor of Little Rock, AR. C. Tab Turner and Robert S. Shafer of Little Rock appeared on the brief.

Counsel who presented argument on behalf of the appellee was John R. Trigg, of Denver, CO. Angela K. Bond of Denver appeared on the brief. Edwin L. Lowther, Jr. of Little Rock, AR appeared on the brief.

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and KOPF,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

The plaintiff in this case, Citizens Bank of Batesville, appeals a ruling by the District Court[1] in which it denied the plaintiff's motion for a new trial. In that motion, the Bank argued that the Court abused its discretion when it allowed five of the defendant's witnesses to testify. The defendant, Ford Motor Co., had not included the witnesses in its pre-trial witness list nor discussed them at the pre-trial conference. Ford found three new witnesses after the pre-trial conference, approximately one week before trial, and two more during the trial. The plaintiff had an opportunity to depose the witnesses and did not ask for a continuance or a recess. The District Court held that the real problem with the witnesses was not the late notice or the surprise to the plaintiff, but the substance of their testimony, and noted that it would be a miscarriage of justice not to allow Ford to call the witnesses. We affirm.

## I.

A 1988 Bronco II, manufactured by Ford, rolled over on the driver, Julie Busby, as she rounded a curve on Highway 233 in Batesville, Arkansas. She was following two friends who were in the car ahead of her. She suffered serious bodily injuries, partial memory loss, and some brain damage.

Busby's guardian, Citizens Bank, sued on her behalf, alleging that the Bronco had a defective design which created an unreasonably high propensity to roll over. In response, Ford claimed that Busby had caused the accident by driving negligently, or, in the alternative, that an intervening proximate cause was responsible for the accident.

The only witnesses to the accident were the driver and the passenger of the car Busby was following; both claimed that the speed of the cars was only 30 miles per hour.

In January, 1992, Ford hired a private investigator to look for other witnesses. This investigator apparently found no other witnesses, and, in September of 1992, after the District Court set the trial date for early October, Ford hired a local investigator.

When Ford filed its witness list, on September 1, 1992, and attended the pre-trial conference, on September 30, 1992, it had no witnesses other than one expert. However, one week before trial, the local investigator found three potential witnesses. The evening after opening statements, two more potential witnesses called Ford and offered to testify. After reviewing depositions of the potential witnesses, the Court allowed all five to testify. The Bank interviewed and deposed the witnesses before they testified at trial and did not move for a continuance or a recess, even though the Court offered to take time off from the trial. The first three witnesses testified that they had heard the occupants of the car Busby was following, bragging that their actual speed was 50 or 60 miles per hour. The latter two witnesses said that they saw Busby's car pass their house, one-half to one mile before the curve, travelling at 60–70 miles per hour. The Bank moved for a new trial, arguing that the Court had abused its discretion by allowing the witnesses to testify.

## II.

The trial court's discretionary power includes decisions about whether to allow the testimony of witnesses not listed prior to trial. *Blue v. Rose,* 786 F.2d 349, 351 (8th Cir.1986), citing *Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 897–98 (8th Cir.1978). The factors courts consider when determining whether to exclude witnesses not made known in compliance with a pretrial order are: "(1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful." *Boone v.*

---

* The Hon. Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

1. The Hon. Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

Moore, 980 F.2d 539, 541–42 (8th Cir.1992), citing *Patterson v. F.W. Woolworth Co.,* 786 F.2d 874, 879 (8th Cir.1986). The authority to grant a new trial is almost entirely within the discretion of the trial court. *Brown v. Syntex Lab., Inc.,* 755 F.2d 668, 673 (8th Cir.1985), citing *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). We review a district court's denial of a motion for a new trial under the abuse of discretion standard. *Ferren v. Richards Manufacturing Co.,* 733 F.2d 526, 528 (8th Cir.1984).

■ The District Court reviewed the testimony of the proposed witnesses and determined that "to have not allowed their testimony would have been a perversion of the trial process as a search for the truth and could have resulted in a miscarriage of justice." *Citizens Bank of Batesville v. Ford Motor Company, Inc.,* No. B–C–91–82, Order at 2–3 (April 26, 1993). We see no reason to overturn this action. First, the Court found that the record was devoid of any evidence which might indicate bad faith or intentional late disclosure of the witnesses by Ford. Second, the testimony which the Court decided to admit was relevant to the heart of the case. The first three witnesses offered testimony which, if believed, would impeach the testimony about the speed of the cars by the only witnesses to the accident. The latter two witnesses' testimony also went directly to the speed of the cars, and therefore, to the crux of the case—whether the accident resulted from negligence or a design defect. Third, plaintiff's counsel failed to request a continuance or a recess, even though the District Court offered to take time off from trial. We decline to second-guess the District Court's exercise of discretion.

Affirmed.