_____

No. 94-3904
No. 94-4043
_____

Tracy J. Martinez,                      *
                                        *
    Appellee/Cross Appellant,    *
                                        *
v.                                      *  Appeals from the United States
                                        *  District Court for the District
Union Pacific Railroad Company,         *  of Nebraska.
                                        *
    Appellant/Cross Appellee.    *


_____

Submitted:  October 20, 1995

Filed:  April 25, 1996
_____

Before McMILLIAN, ROSS and BOWMAN, Circuit Judges.

_____

ROSS, Circuit Judge.


    Appellee Tracy J. Martinez, a former hostler/attendant at Union Pacific Railroad Company, filed suit pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, (FELA), after he was injured when he fell off the end of a ramp used to service locomotive engines. Martinez claimed that Union Pacific was negligent for failing to install a protective device or warning markings at the end of the ramp. A jury returned a verdict in favor of Martinez for $260,000, but apportioned 25% fault to him, for a net verdict of $195,000. We affirm the judgment of the district court[1].

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

I.

The facts show that on January 10, 1990, Martinez was the subject of a disciplinary hearing, which eventually resulted in the termination of his employment with Union Pacific. Martinez's injury occurred within thirty minutes of this meeting. At the time of the accident, Martinez was directing the movement of a locomotive, and while his attention was divided, he stepped off a ramp and fell five feet to the ground, injuring his neck and back. Although the ramp had hand rails on its sides, it had no warning markings around its perimeter, nor a rail on the end to prevent such a fall. Martinez acknowledged at trial that he misjudged his position on the ramp when he turned quickly, stepped off the ramp, and fell to the ground.

Following a jury verdict and judgment for Martinez, Union Pacific filed a joint Motion for Judgment as a Matter of Law and Motion for a New Trial. On October 19, 1994, without considering the merits of Union Pacific's motions, the district court dismissed the motions as untimely. The district court had incorrectly calculated the filing deadline for these post-trial motions. On October 28, 1994, Union Pacific moved the trial court to recalculate the time allowed for post-trial motions and to reconsider its ruling. On November 2, 1994, the district court acknowledged its error, granted the Motion to Reconsider, and then denied Union Pacific's original joint motions on their merits. Union Pacific then filed this appeal on November 30, 1994.

II.

Martinez contends Union Pacific's Notice of Appeal was filed after the thirty-day period allowed under Rule 4(a)(4) of the Federal Rules of Appellate Procedure and that, therefore, this court is now without jurisdiction to consider the appeal. According to Martinez, the thirty-day filing period under Rule 4(a)

was tolled only for thirty days following the district court's original October 19 ruling, in which the court mistakenly dismissed the motions as untimely. In effect, Martinez contends the Motion to Reconsider the October 19 order, and the district court's subsequent correction of its original ruling, had no effect on the calculation of the Rule 4(a)(4) filing deadline. We disagree.

Although not expressly stated, when the district court granted reconsideration, it impliedly vacated its October 19 order, and in doing so, revived Union Pacific's original motions. On November 2, 1994, once recognizing the timeliness of the motions, the district court then considered the motions for the first time on their merits, and denied them. Because the court's original October 19 order was, in effect, vacated, the entry date of the final dispositive order on November 2, 1994, became the date that triggered a new thirty-day period within which the parties could appeal from the underlying judgment. Union Pacific's appeal, filed on November 30, 1994, was therefore timely. See Jusino v. Zayas, 875 F.2d 986, 990 (1st Cir. 1989) (thirty-day Rule 4(a) period began to run with order correcting prior erroneous dismissal of Rule 59 motion as untimely). Having thus established our jurisdiction, we turn to the substantive issues raised in this appeal.

III.

Union Pacific challenges the district court's refusal to admit testimony of two witnesses whose names were not listed on the pretrial order. During the course of the trial, and after Martinez rested his case, Union Pacific called Martinez as its first witness. During this examination, Martinez admitted that he talked with other employees about how to injure oneself in order to get "job insurance" payments for a disability from the Railroad. He allegedly discussed with other employees that the end ramp would be a good place to plan this type of accident. During questioning,

however, Martinez denied making more definitive statements about orchestrating his own accident. Objection was made when it became clear that Union Pacific planned to call two witnesses who would challenge the credibility of Martinez's version of how the accident occurred because those witnesses were not disclosed on the pretrial order.

Based on Nebraska Local Rule 16.2, the express language of the pretrial order required that, "except upon a showing of good cause, no witness whose name and address does not appear [in the pretrial order] shall be permitted to testify over objection for any purpose except impeachment."[2] Accordingly, the district court sustained the objection, concluding that it was improper to call Martinez as a witness and set him up for impeachment, in order to call two witnesses whose names had not been disclosed in the pretrial conference order. Following Union Pacific's offer of proof, the court instructed the jury to disregard Martinez's testimony relating to any prior statements that he may have made to other employees of the Railroad.[3] The court denied Union Pacific's motion for a continuance, ruling that a lengthy adjournment of the trial for the purpose of allowing Union Pacific to develop a significant and inflammatory issue such as fraud would impermissibly affect the jury's ability to retain the information already presented.

Union Pacific now argues that the district court erred when it refused to allow into evidence the crucial testimony of these two

---

[2]Nebraska Local Rule 16.2 appears to apply only to plaintiff's witnesses; however, neither party raises this limitation on appeal so we assume the practice in Nebraska is to apply the rule to both plaintiffs and defendants.

[3]The district court subsequently reversed this instruction and directed the jury that it could consider Martinez's admissions that he had participated in conversations with other employees about staging an accident.

witnesses.  According to Union Pacific, the witnesses were called solely for the purpose of calling into question Martinez's credibility and, as such, the impeachment exception to Local Rule 16.2(c), which allows the omission of impeachment witnesses from the pretrial order, should apply.

The trial court traditionally has broad discretionary power to decide whether to allow the testimony of witnesses not listed prior to trial. Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994).  In determining whether to exclude witnesses not made known in compliance with the pretrial order, the court will consider:  "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the court's order." Morfeld v. Kehm, 803 F.2d 1452, 1455 (8th Cir. 1986).  The district court has considerable leeway in the application of its local rules.  This court has upheld strict compliance by trial courts with their local rules, and will "review[] the trial court's ruling only for manifest error amounting to an abuse of discretion."  Id.

Our analysis in the present case turns on the appropriate characterization of the witnesses' testimony.  "Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992).  The primary purpose of the pretrial witness disclosure rule is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial.  Morfeld, 803 F.2d at 1455.

We agree with the district court that the testimony, though

presented under the guise of impeachment testimony, was in fact rebuttal testimony meant to affirmatively prove fraud on the part of Martinez. Rather than to generally attack Martinez's credibility through these witnesses, Union Pacific sought to disprove Martinez's claim that he was injured as a result of Union Pacific's negligence, by instead proving that Martinez committed fraud on his employer. The issue of fraud was never raised in the pleadings, nor was it presented during the pretrial conference or incorporated in the pretrial order. Although Union Pacific claims it was unaware of these witnesses prior to the conclusion of discovery and the issuance of the pretrial order, it knew of these witnesses months before trial commenced. Even though Union Pacific claims the witnesses are listed in various pretrial documents, their identity is still unknown. Therefore, Martinez had no opportunity to depose these witnesses, nor to develop a defense to Union Pacific's allegations of fraud. It is precisely this kind of "surprise" that Rule 16.2 was designed to prevent. Accordingly, we conclude the district court did not err in refusing to admit the testimony of these two witnesses. As with the district court, we are troubled that this ruling may have impeded the search for the truth, but to hold otherwise would have allowed the injection into the middle of the trial a critical issue not previously raised and would have served to defeat the purpose of the Rules to ensure a fair trial without undue and prejudicial surprise to either party.

IV.

Union Pacific next challenges the district court's denial of the Railroad's motion to exclude evidence of Martinez's lost wages and earning capacity and the court's refusal to allow Union Pacific to present testimony that Martinez had been terminated from his job. The court allowed the jury to decide Martinez's damages for impaired earning capacity based on the difference between his full Union Pacific salary and that of a paralegal, his new chosen profession. According to the Railroad, Martinez's economic expert

erroneously computed his loss of future earning capacity on the faulty assumption that, but for Martinez's accident, he would have continued working as a trainman at Union Pacific until the age of 67. Union Pacific argues that its inability to present evidence of Martinez's dismissal eliminated its ability to rebut the testimony of the expert.

The district court did not err in allowing evidence of Martinez's prior earnings at Union Pacific. The economic expert, using the Union Pacific salary as a basis of comparison, testified that prior to his injury, Martinez could have worked for an automotive body repair business in North Platte and would have received the same wage he had earned at the Railroad. There was evidence that Martinez had engaged in this type of work in the past and thus would have been qualified in the position. Further, the court correctly limited the admission of evidence regarding Martinez's dismissal from Union Pacific, as the dismissal was in no way relevant to the issues presented at trial and thus was more prejudicial than probative of the relevant issues in the case.

We also reject Union Pacific's argument that Martinez's lost earning capacity was speculative and conjectural at best and, therefore, that the jury should not have been instructed on this type of damages. Martinez's treating physician, Dr. Blum, testified that Martinez's injuries are permanent in nature and will prevent him from performing heavy labor in the future. Union Pacific's expert also stated that, because of the surgery to his neck following the accident, Martinez should avoid activity that involves repetitive bending of the neck or that requires lifting heavy objects. Further, Dr. Blum stated that, with reasonable medical certainty, and even accounting for a prior injury to Martinez's neck, the injuries now complained of are the result of the accident on January 10, 1990. The district court did not err in instructing the jury on lost earning capacity.

V.

Union Pacific next argues that it was not negligent as a matter of law and that the court erred in denying its Motion for Directed Verdict or its Motion for Judgment as a Matter of Law, because Martinez did not meet the standard of proving a prima facie case of negligence under FELA. The Railroad argues that Martinez was familiar with the dimensions of the platform and thus his own contributory negligence caused the accident. Further, because no other employees had complained of or been injured on the platform, Union Pacific could not have foreseen the injury, and thus was not negligent as a matter of law.

To establish Union Pacific's negligence under FELA, Martinez was required to show that Union Pacific breached its duty to provide him with a reasonably safe workplace. Peyton v. St. Louis S.W. Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992). FELA does not require an employer to exercise the highest degree of care, but only the same degree of care as an ordinary, reasonable person would exercise in similar circumstances. Id. If an employee is injured because of an unsafe condition, the employer is liable "if its negligence played any part, even the slightest, in producing the employee's injury." Id. (citation omitted). It is without consequence that, from the other evidence, the jury may also attribute the accident to other causes, including the employee's own contributory negligence.

Here, the evidence showed that Union Pacific failed to place end rails on the platform which was located over five feet above the ground, in spite of the fact that end rails were located on other platforms at the North Platte diesel shop. Further, evidence showed that Union Pacific failed to place warning paint at the end of the platform so that an employee would know that he or she was nearing the end of the platform. It was reasonably foreseeable that an employee, distracted by performance of his or her job

-8-

duties, would be at risk of injury on such platforms.

We conclude that a reasonable jury could find that Union Pacific's negligence played some part, even the slightest, in producing Martinez's injury. The court did not err in denying the Motions for Directed Verdict or Judgment as a Matter of Law.

VI.

In his cross-appeal, Martinez challenges the sufficiency of the evidence to support the district court's instruction on his contributory negligence. Under FELA, the burden of proof is on the defendant, who is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory. Hose v. Chicago N.W. Transp. Co., 70 F.3d 968, 978 (8th Cir. 1995).

Union Pacific offered evidence that Martinez injured himself when he fell off a ramp that he walked on many times each day during his employment and that he was familiar with the dimensions of the ramp and knew the ramp did not have end rails. Further, Martinez admitted that he fell when he misjudged his position on the ramp. While Martinez was responsible for directing the movement of a locomotive, he also had a duty to be alert and attentive when performing his duties and to exercise reasonable care for his own safety. We conclude there was evidence presented from which the jury could reasonably conclude that Martinez did not exercise due care; thus, Union Pacific was entitled to have this theory submitted to the jury.

VII.

Based on the foregoing, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.