**NEUPAK, INC., Plaintiff,**

v.

**IDEAL MANUFACTURING AND SALES CORP., Defendants.**

**No. CIV.3–96–713(PAM/JGL).**

United States District Court, D. Minnesota.

March 19, 2001.

---

Joanne Horwood Turner, Mackall, Crounse & Moore, Minneapolis, MN, John B. Lunseth, II, Gerald Eugene Helget, Nelson R. Capes, Michael M. Lafeber, Rider, Bennett, Egan & Arundel, Minneapolis, MN, for Plaintiff.

Robert Lester Bach, Felhaber, Larson, Fenlon & Vogt, Minneapolis, MN, Joseph A. Ranney, DeWitt, Ross & Stevens, Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the Court on four Motions in Limine filed by Plaintiff Neupak, Inc. ("Neupak"), and one Motion in Limine filed by Defendant Ideal Manufacturing and Sales Corporation ("Ideal"). The case is set for a bench trial before the undersigned on March 26, 2001. For the following reasons, the Motions in Limine are denied in part and granted in part.

## DISCUSSION

### I. *Plaintiff's Motions*

#### A. Motion to Exclude Defendant's Expert Witnesses

Neupak seeks to exclude the testimony of all three of Ideal's expert witnesses: Robert Reeves, Rodney Laube, and Charles Hayes.

##### 1. *Robert Reeves*

Neupak challenges Reeves' testimony on several grounds. First, Neupak contends that Reeves should not be allowed to testify as to eight alleged prior art references for which he has no corroborating documents or other corroborating information. Ideal responds that other witnesses will corroborate Reeves' testimony, but as Neupak points out, the testimony of these witnesses concerns machines other than the eight for which Reeves has no brochures or specifications.

The Federal Circuit has noted that "[t]he law has long looked with disfavor upon invalidating patents on the basis of mere testimonial evidence absent other evidence that corroborates that testimony." *Finnigan Corp. v. Int'l Trade Comm'n,* 180 F.3d 1354, 1366 (Fed.Cir. 1999). Reeves' testimony with respect to the eight machines he remembers seeing at various points in the past twenty years is not corroborated by any documents or by any other testimony. This portion of his testimony is therefore excluded.

Neupak also contends that Reeves' testimony with regard to prior patents as potentially invalidating prior art should be excluded because all of the prior patents were before the Patent and Trademark Office ("PTO") during the reexamination proceedings. Ideal responds that these patents are relevant because, in combination with the 1992 machine that was not disclosed to the PTO, they render obvious

all of the claims of the disputed patent. Neupak cites no authority for the proposition that, merely because a prior patent was considered by the PTO in its patent process, it may not be raised in a proceeding to invalidate the later patent. The fact that the PTO considered these prior patents and still issued the disputed patent goes to the weight to be accorded the prior patents and not to their admissibility. This portion of the motion is denied.

■ Next, Neupak contends that Reeves should not be allowed to testify as to the commercial success of Neupak's filling machine, or as to inequitable conduct. Ideal asserts that Reeves is competent to testify as to the factors that affect the commercial success of machines in this industry. Ideal also argues that Reeves will not offer his opinion on the ultimate issue of inequitable conduct, but will testify only as to whether prior art references were material for the purposes of the inequitable conduct inquiry. Neupak responds to this argument by saying that materiality is a question of law reserved for the Court to determine. This matter will be tried to the Court. Therefore, should Reeves offer testimony on an issue that is reserved for the Court to determine, the Court can discount that testimony. These portions of the motion are denied.

### 2. *Rodney Laube*

■ Neupak contends that Laube's testimony is irrelevant because the machines with which he is familiar, the Mateer–Burt machines, are different from the disputed patent in important respects. According to Ideal, Laube is competent to testify that, given the similarities between several of the Mateer–Burt machines and Neupak's patented machine, Neupak's machine would be obvious to a person of ordinary skill in the field. Moreover, although the PTO considered the Mateer–Burt machines, Ideal claims that Neupak misrepre-

sented the features of these machines, and that the Mateer–Burt machines do, in fact, contain the same features as those in Neupak's patented machine. Neupak's disagreement with Laube's testimony goes toward the weight Neupak believes should be accorded that testimony, and not to its admissibility. Laube's testimony will be allowed, and this portion of Neupak's motion is denied.

### 3. *Charles Hayes*

■ Neupak contends that Hayes is not an expert in the field of liquid filling machines. However, Hayes' qualifications, or lack thereof, bear only on the weight the Court will accord his testimony. Hayes's testimony will be allowed, and this portion of Neupak's motion is denied.

### B. Motion to Exclude Ideal's § 282 Disclosures

Neupak asks the Court to exclude evidence of "hundreds" of patents that Ideal claims are relevant for determining whether Neupak's patent is valid. According to Neupak, Ideal has failed to explain how the patents are relevant, either individually or in combination. Ideal responds that it has disclosed its intent to rely on these patents to Neupak, and that it is not obligated to tell Neupak how the patents are relevant. Ideal contends that it will present the evidence in a concise manner at trial, and will not waste the Court's time.

If Ideal's presentation of the evidence threatens to waste the Court's time, the Court can limit the presentation at that time. The Court cautions both parties that the Court expects the trial to proceed expeditiously and expects that counsel will not present evidence in a way that wastes anyone's time. Neupak's motion is denied.

### C. Motion to Exclude Privileged Documents

Neupak seeks to exclude certain documents it contends are subject to the attorney-client privilege. The Court has previously refused to compel Neupak's attorney to testify regarding these documents. However, the documents at issue will not be excluded.

██ Neupak voluntarily produced the documents because it believed that the documents were not privileged pursuant to the "conduit" theory. According to Neupak, that theory has since been overruled by the Federal Circuit. *In re Spalding*, 203 F.3d 800, 806 n. 3 (Fed.Cir.2000). However, as Ideal points out, the conduit theory was not widely accepted prior to the Federal Circuit's ruling, and in any case, Neupak did not object to Ideal's questioning a witness about the documents months after the *Spalding* case was issued.

Neupak waived the privilege with respect to the documents at issue. Ideal will be allowed to introduce the documents into evidence.

### D. Motion to Exclude Program Book

Finally, Neupak seeks to exclude from evidence the Program Book from the Federation of Societies for Coatings Technology's 1992 Annual Meeting and Paint Industries Show. The Program Book was not disclosed to Neupak by Ideal until the last day of the discovery period, February 1, 2001. Ideal admits that it has had the Program Book since 1998, but claims that it inadvertently failed to disclose it.

██ Neupak argues that the Program Book should be excluded under Fed. R.Civ.P. 37(c)(1). Rule 37 states that a party shall not use at trial information it failed to disclose, unless the party had substantial justification for the failure to disclose, and unless such failure is harmless. The Eighth Circuit has set forth a four factors that the Court should consider in determining whether a failure to disclose had substantial justification or was harmless: (1) the importance of the excluded material; (2) the explanation of the party for the failure to comply with the disclosure rules; (3) the potential prejudice from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice. *Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir.1994).

██ Neupak claims that it will be substantially prejudiced if the Program Book is not excluded because the late disclosure has made discovery regarding the Program Book impossible. This may be true; however, Neupak does not specify what discovery it needs to conduct regarding the Program Book.

Neupak also implies that Ideal had a nefarious motive in failing to disclose the Program Book. Neupak has no evidence of such motive, however, and Ideal has explained that its failure to disclose was inadvertent. It is clear that Ideal should have disclosed the Program Book earlier. However, exclusion of that evidence is more draconian than the situation calls for. The Program Book will be allowed.

## II. *Defendant's Motion*

### A. Motion to Exclude Plaintiff's Expert

██ Ideal asks the Court to exclude the testimony of one of Neupak's expert witnesses, J. Michael Thesz, a patent attorney. Ideal objects to his testimony because Ideal contends that the testimony consists of improper legal conclusions, and that Thesz is attempting to usurp the Court's role to construe the claims of the patent and to determine whether inequitable conduct occurred.

The Court cautions the parties that expert witness testimony should concern the disputed factual elements in this case. The parties have fully briefed the legal issues, and those issues are now the Court's province to determine. The Court will allow Thesz to testify.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions in Limine (Clerk Doc. No. 115) are **DENIED IN PART** and **GRANTED IN PART** as set forth above; and

2. Defendant's Motion in Limine (Clerk Doc. No. 111) is **DENIED.**