Michael BURTON; Kenneth Charron; Joe Cooper; John Murrain; Michael Nelson; Fred Taylor; Ricky J. Vanoster; William Wirth; Thomas Lee Umphrey, Appellees,

v.

William ARMONTROUT; Richard Bauman; Carl Borghart, Jr.; Richard Bowers; Marilyn Butts; Dennis Gately; Cindy Haggart; Ed Hanauer; George Lombardi; Dick Moore; Larry Neal; Loren Stout; William Weiburg, Appellants.

Nos. 91–2831, 91–3069.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1992.

Decided Sept. 21, 1992.

Rehearing and Rehearing En Banc Denied Oct. 28, 1992.

Michael Pritchett, Jefferson City, Mo., argued (William L. Webster, Michael Pritchett and Bruce Farmer, on the brief), for appellants.

Jeanene Moenckmeier, St. Louis, Mo., argued, for appellees.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

William Armontrout appeals the district court's [1] order granting injunctive relief to inmates at the Jefferson County Correctional Center ("JCCC"). The inmates cross-appeal alleging the district court erred in directing verdicts in favor of nine defendants. We affirm.

## I. BACKGROUND

The appellees are inmates and former inmates of the JCCC. In June 1987, the

1. The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

inmates were involved in a large-scale cleanup of sewage at the JCCC hospital. On September 18, 1987, Thomas Umphrey filed suit alleging JCCC correctional officers violated his constitutional rights by failing to warn him that the sewage was contaminated with the AIDS virus and other infectious diseases. In 1988, Michael Burton and other inmates also filed suit alleging claims similar to those raised by Umphrey. On June 23, 1989, the district court consolidated these suits and the parties consented to present the case to a magistrate. At the close of the plaintiff's evidence, the court directed verdicts in favor of nine defendants; at the close of trial, the jury returned verdicts in favor of the remaining four defendants. The parties then submitted post-trial briefs concerning the issue of injunctive relief, and the inmates filed a motion for new trial. The court denied the inmates' motion for new trial, but granted limited injunctive relief in favor of the inmates. Armontrout and the inmates appeal.

## II. DISCUSSION

Armontrout argues the district court lacked jurisdiction to order injunctive relief because the court and the jury determined the correctional officers did not violate the inmates' constitutional rights. Courts have broad discretionary power to order injunctive relief, *Taylor Bay Protective Ass'n v. Administrator, United States·E.P.A.*, 884 F.2d 1073, 1079 (8th Cir.1989) (quotation and citation omitted), and we review the district court's grant of injunctive relief for abuse of discretion. *International Ass'n of Machinists v. Soo Line R.R. Co.*, 850 F.2d 368, 374 (8th Cir. 1988) (en banc), *cert. denied*, 489 U.S. 1010, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989) (citations omitted). "Abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." *Id.* Although the district court must grant equitable relief that is "consis-

tent with the facts as found by the jury," *Peery v. Brakke*, 826 F.2d 740, 746 (8th Cir.1987), the court may grant injunctive relief despite a jury's determination that defendants are not liable for damages. *See Johnson v. Bowers*, 884 F.2d 1053, 1056 (8th Cir.1989) (court ordered injunctive relief for inmate despite jury verdict in favor of prison doctors). In ordering this relief, the court may rely on evidence not presented to the jury when the jury's factual findings are incomplete or inconclusive. *See Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.*, 921 F.2d 467, 472 (3d Cir. 1990). In this case, the jury's findings are inconclusive because the general verdict directive did not allow the jury to make specific factual findings upon which the district court could rely when crafting or denying the injunction. The general verdict form listed seven elements the plaintiffs had to establish to prove a constitutional violation and the jury could have found the plaintiffs failed to establish any one of the seven elements. For instance, the jury may have believed the defendants were recklessly indifferent to the health needs of the inmates and still found for the defendants because the inmates suffered no damages. The return of a general verdict prevented the court from ascertaining the jury's specific factual findings, and it was therefore, proper for the court to supply its own factual findings to supplement the jury's verdict.

Prior to making supplemental findings, the court heard additional testimony from Herschell Larimore, a maintenance supervisor at the JCCC. Larimore stated that in March 1990, neither inmates nor civilians were warned that they would be working with potentially dangerous waste from AIDS patients at the facility. Additional evidence demonstrated that despite the passage of three years and the greater awareness of the dangers of AIDS, prison officials had failed to provide adequate protective clothing. The district court also noted this circuit has held that exposure to raw sewage can present potential health hazards in violation of a prisoner's constitutional rights. *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir.1990) ("[w]e believe forcing inmates to work in a shower of human excrement without protective clothing and equipment would be 'inconsistent with any standard of decency.'") (citation omitted). After hearing the additional evidence, the court ordered a limited injunction[2] requiring JCCC to provide adequate protective clothing and warnings to inmates of the potential danger of working in contaminated waste. Keeping in mind that "equitable remedies are a special blend of what is necessary, what is fair, and what is workable," *Lemon v. Kurtzman*, 411 U.S. 192, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973) (footnote omitted), we hold the district court did not abuse its discretion in ordering the injunction.[3]

The inmates cross-appeal, alleging the district court erred in directing verdicts in favor of nine defendants at the close of the inmates' case. They argue they submitted sufficient evidence to send the cases to the jury, and reasonable jurors could differ as to whether the defendants had notice of the dangerous condition of the sewage. In deciding whether to grant or deny a motion for a directed verdict, a court must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the

---

2. The injunction ordered the defendants "to provide sufficient numbers of rubber boots, rubber gloves, leather gloves, surgical masks, and face shields in the maintenance and plumbing department ... [and] permanently post adequate warning in at least two easily visible areas of the plumbing shop that inmate workers and others should wear appropriate protective clothing when working on or around sewer lines and/or raw sewage because of potential health hazards."

3. We also reject the inmates' claim that the court abused its discretion in ordering a limited injunction. The court appropriately tailored the injunction to the specific concerns of the inmates, and any broader injunctive relief would unduly infringe on the prison official's day to day administration of JCCC.

evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Porm v. White*, 762 F.2d 635, 637 (8th Cir.1985) (citation omitted). In reviewing the district court's decision, we apply the same standard. *City Nat. Bank of Ft. Smith v. Unique Structures*, 929 F.2d 1308, 1312 (8th Cir.1991).

■ To prevail on their Eighth Amendment claim, the inmates had to show the correctional officers were deliberately indifferent to the risk of harm posed to inmates working with the dangerous sewage. *Bailey v. Wood*, 909 F.2d 1197, 1199 (8th Cir.1990). To establish reckless disregard, the inmates had to show the correctional officers failed to respond reasonably to that risk. *Id.* There was insufficient evidence presented at trial to indicate the correctional officers knew the sewage was contaminated with infectious diseases and presented a dangerous health risk to those inmates who worked in the cleanup operation. Because there was not substantial evidence to support a verdict in favor of the inmates, we hold the court did not err in granting the motion for a directed verdict. *City Nat. Bank*, 929 F.2d at 1312.

■ The inmates also allege the court erred in allowing the testimony of Eddie Headrick, an epidemiologist who testified as to the risks of infection from contact with sewage. We review a trial court's ruling with respect to witness testimony under an abuse of discretion standard. *Morfeld v. Kehm*, 803 F.2d 1452, 1455–56 (8th Cir.1986). The inmates argue they were not allowed adequate time to prepare for cross-examination because the defendants' witness list listing Headrick was not filed until the day before trial. The inmates, however, may not allege prejudicial error or surprise because they included Headrick on their witness list, which was submitted the day of trial. Thus, the inmates should have anticipated the nature of his testimony and cannot claim the court abused its discretion in allowing the testimony. *See id.*

■ Finally, the inmates allege the court erred in instructing the jury concerning the elements of a constitutional violation under 42 U.S.C. § 1983.[4] A district court has broad discretion in framing jury instructions, *United States v. Coney*, 949 F.2d 966, 967–68 (8th Cir.1991), and our role is to determine "whether the instructions, taken as a whole and viewed in light of the evidence and the applicable law, fairly and adequately submitted the issues in the case to the jury." *Jones v. Board of Police Comm'rs*, 844 F.2d 500, 504 (8th Cir.1988), *cert. denied*, 490 U.S. 1092, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989). The inmates contend the burden placed on the plaintiffs to prove that infectious diseases were actually present in the sewage was insurmountable, and the court should have included a phrase relating to the defendants' failure to provide protective clothing. We find no merit in the inmates' claims. This case hinged on the defendants' knowledge that the inmates were being exposed to potentially infectious sewage contaminated by AIDS patients housed at the JCCC hospital.

---

**4.** Instruction No. 12 stated:

Your verdict must be for a plaintiff and against a defendant if all of the following elements have been proved by the preponderance of the evidence as to that plaintiff and that defendant:

*First,* dangerous, communicable diseases, which can be transmitted through contact with the sewage, were present in the sewage in the clogged sewer pipes in June and/or July, 1987;

*Second,* the defendant knew such diseases were probably present in the sewage and that they can be transmitted through contract with the sewage;

*Third,* the plaintiff did not know such diseases were probably present in the sewage or that they can be transmitted through contact with the sewage;

*Fourth,* there was a substantial danger of becoming infected with such diseases from contact with the sewage without protective clothing;

*Fifth,* the defendant, with deliberate indifference to or reckless disregard for the substantial risk to the plaintiff's health and safety, failed to warn the plaintiff of the danger of contact with the sewage;

*Sixth,* the plaintiff was exposed to such dangerous, communicable diseases in June and/or July, 1987, through his work at the Missouri State Penitentiary hospital; and

*Seven,* as a direct result, the plaintiff sustained damage.

The availability of protective clothing was not crucial to this issue; thus, the court did not abuse its discretion in refusing to include a phrase concerning the defendants' failure to provide protective clothing. The jury instruction was a proper statement of the law and the district court's failure to instruct the jury as the inmates requested was not an abuse of discretion.