No. 95-2703

Felix D. Smith,                      *
                                     *
     Plaintiff/Appellant,            *
                                     *   Appeal from the United States
     v.                              *   District Court for the Eastern
                                     *   District of Missouri.
Norman Copeland,                     *
                                     *
     Defendant/Appellee,             *
                                     *
Capt. Hines, Mike Hurst, Boffe       *
Scott, John Bick, Officer            *
Morgan, Officer Holshouser,          *
John Doe #1, John Doe #2,            *
John Doe #3,                         *
                                     *
     Defendants,                     *
                                     *
John Rich, Robert Scott,             *
                                     *
     Defendants/Appellees,           *
                                     *
Cape Girardeau County Jail,          *
                                     *
     Defendant,                      *
                                     *
Leonard Hines, Michael Hurst,        *
Mike Morgan, John Holshouser,        *
Officer Stoffregen, Officer     *
Hampton, J.P. Mulcahy, Officer,      *
Gene Huckstep, Larry Bock,           *
E. C. Younghouse, Cape               *
Girardeau County,                    *
                                     *
     Defendants/Appellees.           *

_____

Submitted: February 15, 1996

Filed: June 27, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BEAM, Circuit Judge.

Felix D. Smith appeals a district court[1] order denying relief in his prisoner civil rights action which involves an overflowed toilet. We affirm.

## I.  BACKGROUND

Smith was a pretrial detainee on two occasions in Cape Girardeau County Jail.  He filed a 42 U.S.C. § 1983 action against the county and certain individuals (hereinafter "correctional officers") asserting that his civil rights were violated during his imprisonments.  He challenged the conditions of his confinement and also alleged excessive force by correctional officers.  He alleged that he was placed in solitary confinement without clothing, bedding, or blankets; that he was denied food and water; that he was forced to endure raw sewage in his cell; that correctional officers used excessive force on him; and that he was denied medical attention.

The correctional officers moved to dismiss and also moved for summary judgment.  In support of their motions, they submitted affidavits stating that their actions were both provoked and justified and that there are penological reasons for denying a pretrial detainee bedding and clothing in solitary confinement.  The correctional officers further stated that Smith was only denied one meal and that the "raw sewage" complained of was a toilet overflow that was not cleaned up for two days.

The district court granted summary judgment to the correctional officers on the claim involving denial of food, clothing and bedding.  It also dismissed the exposure-to-raw-sewage

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

claim.  Finding disputed issues of fact, the district court denied the correctional officers' motion for summary judgment on the excessive force claims and those claims proceeded to trial by a jury.  At trial, Smith objected to the make-up of the venire panel, but his objection was overruled.  Also, the district court refused to let Smith argue the "missing witness inference" to the jury.  The jury found in favor of the correctional officers.

On appeal Smith asserts that the district court:  (1) erred in granting summary judgment to defendants on the conditions of confinement claim and in dismissing his claim regarding exposure to raw sewage; (2) abused its discretion in overruling his objection to the venire panel; and (3) abused its discretion in prohibiting Smith from arguing the "missing witness inference" in closing.

## II.  DISCUSSION

### A.  Conditions of Confinement Claims

We review a district court's grant of summary judgment de novo, affirming only if the record shows there is no genuine issue of material fact.  Brandenburg v. Allstate Ins. Co., 23 F.3d 1438, 1440 (8th Cir. 1994); Fed. R. Civ. P. 56(c).  With respect to Smith's assertion that the district court improperly granted summary judgment on his claim for denial of clothing, bedding, running water, food and toiletries while in solitary confinement, we affirm for the reasons stated in the district court's opinion.  See 8th Cir. R. 47B.

Smith also argues that the district court improperly dismissed his claim relating to exposure to raw sewage. The district court found that Smith had not alleged either sufficient "personal involvement" in the episode by individual defendants or any custom or policy by the county to support liability. Thus, the claim was subject to dismissal for failure to state a claim. We are not convinced that defendants' lack of "personal involvement" requires judgment in their favor, but we nonetheless affirm the district court's decision.[2] We may affirm the judgment on any ground supported by the record, even if not relied upon by the district court. Monterey Dev. Corp. v. Lawyer's Title Ins. Corp., 4 F.3d 605, 608 (8th Cir. 1993).

The standard applicable to conditions of confinement claims by pretrial detainees was enunciated in Bell v. Wolfish, 441 U.S. 520 (1979). The proper inquiry is whether those conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. Id. at 535. However, not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. Id. at 537. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Id. at 539. The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained. Id. at 540. Furthermore, there is a de minimis level of imposition with which the Constitution is not concerned. Id. at 539 n.21.

---

[2]The district court may be affirmed on this ground if lack of "personal involvement" is interpreted as lack of notice to supervisors so as to impose supervisory liability on them. See Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) ("[a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability"). The record supports such a reading with respect to supervisory personnel.

In this case, Smith's allegations regarding "raw sewage" do not rise to a level of constitutional significance. Smith alleges that he was subject to an overflowed toilet in his isolation cell from July 25 to July 29, 1992. He alleges that he was "made to endure the stench of [his] own feces and urine" for those four days.[3] Appendix at 222. Smith did not allege that he was exposed to disease or suffered any other consequences of the exposure. In support of their motion for summary judgment, the correctional officers stated by affidavit that Smith was offered an opportunity to flush the toilet and to clean up the mess but he declined. Smith did not dispute that point. Applying the Bell v. Wolfish standard, we find, under the circumstances of this case, that the "raw sewage" allegation amounts to a de minimis imposition and thus does not implicate constitutional concerns.

Although this case is governed by Bell v. Wolfish, Smith cites Eighth Amendment jurisprudence to support the contention that his constitutional rights were violated.[4] The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989). Exposure to raw sewage may in some cases

---

[3]Smith asserts in his affidavit that he used the toilet on July 25, 1992, shortly after being placed in isolation, at which time it overflowed. He states that he was not provided protective clothing and equipment to clean it up until the morning of July 29, when he was released from isolation. The correctional officers, on the other hand, state by affidavits and through supporting prison logs, that Smith "had stuffed his paper gown in the toilet and repeatedly flushed it causing a minor flood in the jail area" on July 27, 1992 and that the water was turned off at that time. Appendix at 119. We need not resolve this factual dispute since we find that even Smith's scenario of a toilet overflow of four days' duration does not amount to a constitutional violation.

[4]Under Bell v. Wolfish, a pretrial detainee faces a lighter burden to show a constitutional violation than under the Eighth Amendment. See Bell, 441 U.S. at 535 n.16 (due process requires that a pretrial detainee not be punished; the Eighth Amendment requires that the punishment imposed not be cruel and unusual).

amount to cruel and unusual punishment. <u>Fruit v. Norris</u>, 905 F.2d 1147, 1151 (8th Cir. 1990). However, any analysis of confinement conditions must be based on the totality of the circumstances. <u>Howard</u>, 887 F.2d at 137. To prevail on an Eighth Amendment claim in this context, an inmate must show that correctional officers were deliberately indifferent to the risk of harm posed by the raw sewage. <u>See</u> <u>Burton v. Armontrout</u>, 975 F.2d 543, 546 (8th Cir. 1992), <u>cert. denied</u>, 508 U.S. 972 (1993). Thus, not every overflowed toilet in a prison amounts to a constitutional violation.

We have found a constitutional violation where inmates were forced to work without protective gear "in a shower of human excrement." <u>Fruit</u>, 905 F.2d at 1151. We have also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste. <u>Burton</u>, 975 F.2d at 545. We have similarly found a violation where an inmate was forced to endure a cell covered with filth and human waste for two full years. <u>Howard</u>, 887 F.2d at 137. Thus, the length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis. <u>See</u>, e.g., <u>id.</u> ("inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time"). Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months. <u>Id.</u>

In the present case, Smith submitted an affidavit in opposition to the correctional officers' motion for summary judgment. Viewed in the light most favorable to Smith, those materials show that Smith was subjected to an overflowed toilet in his cell for four days. Under the totality of circumstances presented here, we find that the correctional officers were entitled to judgment as a matter of law on the raw sewage claim, whether analyzed under Eighth Amendment or Due Process jurisprudence.

## B. Venire Panel

At oral argument, counsel for Smith conceded that his argument regarding the make-up of the venire panel is foreclosed by <u>United States v. Rogers</u>, 73 F.3d 774, 775 (8th Cir.), <u>cert. denied</u>, 64 U.S.L.W. 3807 (1996). In <u>Rogers</u>, we reaffirmed our earlier holding in <u>United States v. Garcia</u>, 991 F.2d 489, 491 (8th Cir. 1993), that a jury selection plan based on registered voter lists withstands constitutional scrutiny unless there is a showing of systematic exclusion of blacks in the jury selection process. <u>Rogers</u>, 73 F.3d at 775. Only the court en banc can overrule another panel's decision. <u>Campbell v. Purkett</u>, 957 F.3d 535, 536 (8th Cir. 1992). Accordingly, we are bound by <u>Rogers</u> and <u>Garcia</u>. Because Smith has failed to prove systematic exclusion of blacks in the jury selection process, we affirm the district court's denial of Smith's objection to the venire panel.

## C. "Missing Witness Inference"

In closing argument, Smith sought to argue that the jury could draw an inference from the failure of John Rich, a correctional officer and named defendant, to testify. The district court sustained the correctional officers' objection to that argument. The district court has broad discretion in ruling on the propriety of closing argument. <u>United States v. Collins</u>, 996 F.2d 950 (8th Cir.), <u>cert. denied</u>, 114 S. Ct. 412 (1993). We will not disturb the court's ruling absent an abuse of that discretion. <u>Slather v. Sather Trucking Corp.</u>, 78 F.3d 415, 420 (8th Cir. 1996). To constitute reversible error, we must find that the district court's action resulted in injury or prejudice. <u>Id.</u> Here, Smith had an opportunity to depose the witness and could have offered the witness' deposition testimony. <u>See</u> <u>Campbell v. Coleman Co.</u>, 786 F.2d 892, 897-98 (8th Cir. 1986) (under Missouri law, a negative inference may not be raised if the witness is equally available to both parties). In addition, the witness was a party defendant and

Smith was allowed to argue to the jury that he had not "show[n] up to defend himself."  Transcript Vol. 2 at 92.  Under the circumstances, we find no abuse of discretion.

**III.  CONCLUSION**

For the reasons set forth above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.