94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Monte C. SMITH, Plaintiff-Appellant,
v.
Francis MELVIN, Louis O. Lowery, Timothy Erno, and Anthony
Harvey, Defendants-Appellees.
 No. 95-2531.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.*
Decided Aug. 14, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Monte Carlo Smith, a state prisoner, brought this action pro se under 42 U.S.C. § 1983 alleging that prison officials violated his Eighth Amendment rights by placing him in a dirty cell with a leaky toilet. The district court held that Smith failed to allege any constitutional deprivation, and granted defendants' motion to dismiss. We affirm.
 
 
 2
 In early 1994, Smith was incarcerated at the Pontiac Correctional Center in Pontiac, Illinois. His complaint contains the following allegations. On February 1, 1994, Superintendent Francis Melvin directed Timothy Erno, a correctional officer, to move Smith from cell number 817 to cell number 810. Smith protested, complaining that he did not want to move to cell number 810 because it was "out of order" and "inoperable." The new cell had a leaky toilet as well as standing water on the floor. Erno threatened to place him in segregation if he refused to move. Smith complained to Lieutenant Anthony Harvey, another correctional officer, that there was "constant running water from the toilet"; that the water might damage his personal belongings, including legal documents; and that the standing water on the floor of the cell was a safety hazard. When Harvey threatened to place him in segregation if he resisted the move, Smith complied. A plumber later came to inspect the cell, but he told Smith that he could not fix the toilet without replacing the entire unit. Smith asked Melvin and the assistant warden, Louis Lowery, to have the toilet in his cell repaired, but no actions were taken.[1]
 
 
 3
 The defendants (Melvin, Erno, Harvey, and Lowery) filed a motion to dismiss, and the district court granted the motion. The court held, first, that the defective toilet did not rise to the level of a constitutional violation. According to the court, the plumbing apparently worked and Smith did not allege that he lacked running water or was unable to flush the toilet. The court acknowledged that the presence of standing water may have been "unpleasant," but rejected Smith's speculative fear that he may have suffered property damage or been injured on account of the water.
 
 
 4
 We review de novo the district court's dismissal of Smith's complaint for failure to state a claim. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir.1995). We accept all material allegations made in the complaint as true and draw all reasonable inferences from the allegations in Smith's favor. Id. Construing Smith's pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will affirm the dismissal if "it appears beyond doubt that [Smith] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 5
 The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, requires state prison officials to maintain "humane conditions of confinement," including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). Conditions of confinement implicate the Eighth Amendment, however, only when they exceed "contemporary bounds of decency of a mature, civilized society." Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir.1994). A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions can be considered cruel and unusual) and a subjective test (whether the defendants acted with a culpable state of mind). Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991); McNeil v. Lane, 16 F.3d 123, 124 (7th Cir.1994). This court need not address the subjective component where the plaintiff fails to establish the objective component. See Lunsford, 17 F.3d at 1579.
 
 
 6
 Smith's allegations of water leaking from the toilet and accumulating on the cell floor do not rise to the level of extreme deprivation required to establish an objective violation of the Eighth Amendment. Compare Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988) ("[i]nmates cannot expect the amenities, conveniences and services of a good hotel"), with Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992) (objective component met where prison conditions were "so strikingly reminiscent of the Black Hole of Calcutta"). Leaky toilets and puddles are unpleasant but not unconstitutional.
 
 
 7
 Indeed, Smith's complaint is notable for the type of allegations it does not contain. Smith did not allege how much standing water accumulated or how extensive was the damage, if any, to his personal belongings. Nor did he allege that the toilet overflowed or flooded the cell with raw sewage, which may have created health hazards. Cf. Smith v. Copeland, 87 F.3d 265, No. 95-2703, 1996 WL 350893, at * 2 (8th Cir. June 27, 1996); Williams v. Adams, 935 F.2d 960, 962 (8th Cir.1991) (prisoner's verified complaint stated a claim under the Eighth Amendment in that it alleged "that the toilet in the cell did not work and that 'continually [ran] over [and] leak[ed] onto the cell floor and the floor stay[ed] filthy with its wast[e].' "); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir.1985) (vermin infestation accompanying standing water and flooded toilets violated Eighth Amendment). Finally, his complaint does not specify how prolonged was his exposure to the conditions in the cell. See Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir.1996) (sixteen months of pest infestation is a "prolonged deprivation"); Smith, 1996 WL 350893, at * 3 ("Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months."). Without supplying information about the severity or pervasiveness of the conditions, or the duration of exposure to the conditions, Smith cannot substantiate his speculative fear that he might have died or suffered serious injury from slipping in the water.
 
 
 8
 Although we liberally construe pro se complaints, we cannot conclude that Smith's allegations of a defective toilet and accumulation of standing water state a claim under the Eighth Amendment. Smith failed to provide more than conclusory allegations to withstand dismissal. Because Smith was not deprived of his constitutional rights, we need not consider the remaining issue of qualified immunity.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The record does not reveal how long Smith lived in cell number 810. According to a letter that Smith sent the district court, he was transferred in March 1995 to Graham Correctional Center in Hillsboro, Illinois. He currently is incarcerated at the Centralia Correctional Center in Centralia, Illinois