United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3759

_____

Nathan Johnson,                  *
                                *

      Appellant,         *
                                *

      v.                  * Appeal from the United States
                                * District Court for the
Arnold T. Armstrong, Captain, also  * Eastern District of Missouri.
known as Unknown Armstrong,    *
                                * [UNPUBLISHED]
      Appellee.          *

_____

Submitted: February 18, 1998
Filed: March 5, 1998
_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


     Nathan Johnson brought this 42 U.S.C. § 1983 action against Arnold Armstrong, a corrections officer with the St. Louis County Department of Justice Services, alleging that he suffered adverse physical symptoms when Armstrong sprayed a "toxic chemical" in the St. Louis County Jail infirmary while Johnson was detained there following his December 1991 arrest. Armstrong moved for summary judgment, which

the district court[1] granted, and Johnson appeals. Following de novo review, see Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995), we affirm.

Because Johnson was a pretrial detainee when the alleged incident occurred, his claim falls under the Fourteenth Amendment Due Process Clause; to prevail on his due process claim, he must prove Armstrong acted with an intent to punish him. See Bell v. Wolfish, 441 U.S. 520, 535-40 (1979). Because the record does not show that Armstrong expressed any intent to punish Johnson, "the issue of punishment turns on whether the deprivations were reasonably related to a legitimate governmental purpose"; an intent to punish may be inferred either if a reasonable relationship did not exist, or if the deprivations, although reasonably related to a legitimate purpose, were excessive in relation to that purpose. See Green v. Baron, 879 F.2d 305, 309 (8th Cir. 1989) (discussing standard under which deprivations suffered by pretrial detainees rise to level of due process violation).

We conclude that an insufficient inference exists that Armstrong intended to punish Johnson, because it is undisputed that Armstrong used the solution at issue--bleach diluted tenfold with water--to kill any potential HIV virus, which is a legitimate governmental objective, see Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996) (government has legitimate interests that stem from its need to manage facility in which person is detained), and we cannot say that the record contains evidence that the challenged conduct was excessive in relation to that end. Furthermore, Johnson has submitted no evidence that he suffered the toxic-chemical poisoning of which he complains, and his medical records contain no suggestion that Johnson suffered from or complained of such poisoning. We also note Johnson did not refute Armstrong's evidence that no one else had ever become sick from or complained of the use of the solution.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Finally, to the extent Johnson has also claimed that he was denied adequate medical attention following the alleged incident, Armstrong is not liable for such a claim, as it is undisputed that he was a correctional officer--not a member of the jail's infirmary--and Johnson does not allege he asked Armstrong for medical care.

According, we affirm the judgment of the district court.

LOKEN, Circuit Judge, concurring in the result.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-