# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3720

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Barney L. Pospisil, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2000
Filed: July 17, 2000

_____

Before WOLLMAN, Chief Judge, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Barney Pospisil, Jr. was convicted of conspiring against civil rights, in violation of 18 U.S.C. § 241, and was sentenced to 37 months' imprisonment and 3 years' supervised release. On appeal, we reversed the imposition of a vulnerable-victim enhancement and remanded for resentencing. See United States v. Pospisil, 186 F.3d 1023, 1029-30 (8th Cir. 1999), cert. denied, 120 S. Ct. 1724 (2000). The removal of the enhancement reduced Pospisil's Guidelines imprisonment range from 37-46 months

to 30-37 months. After receiving evidence and hearing argument, the district court[1] resentenced Pospisil to 35 months' imprisonment and 3 years' supervised release.

In this appeal after remand, Pospisil's counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). With this court's permission, Pospisil has filed a pro se supplemental brief. For the reasons stated below, we find no merit to the issues raised by Pospisil and his counsel.

We are satisfied that the district court properly considered at resentencing relevant evidence which could have been presented at the original sentencing, and that the court did not exceed the scope of remand or violate the law-of-the-case doctrine by evaluating that evidence and selecting a 35-month sentence. See United States v. Behler, 187 F.3d 772, 776 (8th Cir. 1999). Although the court had originally selected a sentence at the bottom of the applicable Guidelines range, that sentence was reversed on appeal, and we therefore reject Pospisil's argument that the government was collaterally estopped from seeking at resentencing a sentence at the top of the new Guidelines range. See Alexander v. National Farmers Org., 687 F.2d 1173, 1190 (8th Cir. 1982), cert. denied, 461 U.S. 937-39 (1983). Finally, although Pospisil urges us to reconsider United States v. Sims, 174 F.3d 911, 913 (8th Cir. 1999), only the court en banc can overrule the decision. See Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996).

After review of counsel's Anders brief and Pospisil's pro se supplemental brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we detect no nonfrivolous issues. The judgment is affirmed, and counsel's motion to withdraw is granted.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.