# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1809

_____

Anderson Harrison Frye, Jr.,        *
                                  *

             Appellant,      *
                                  *

    v.                             *   Appeal from the United States
                                  *   District Court for the Western

Pettis County Sheriff Department;  *   District of Missouri.
Gary Starke, Pettis County Sheriff;  *
Bill Breuning, Sergeant; Kevin Tylar,  *     [UNPUBLISHED]
Corporal; John McCombs; Jason  *
Atwell,                           *
                                  *

          Appellees.      *

_____

Submitted: July 11, 2002

Filed: July 26, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Anderson Harrison Frye, Jr. brought this 42 U.S.C. § 1983 action pro se against the Pettis County Sheriff Department, the Sheriff, and his deputies alleging unsafe and hazardous living conditions at the Pettis County jail violated his Eighth

Amendment rights. The district court[*] granted summary judgment to the officials, and Frye appeals pro se. We affirm.

Frye, a pretrial detainee, was placed in the Pettis County jail on May 2, 2000. According to Frye's amended complaint and affidavit, the toilet in his cell leaked both sewage and water. From the beginning, Frye complained to the Sheriff and deputies verbally and in writing, stating the "foul water and sewage [were] making the cell unbearable to live in." Frye asked them to have the toilet fixed, or to move him to another cell. The deputies provided blankets to help absorb the leakage, but did not move Frye. On May 24, 2000, Frye slipped on water in his cell and fell, striking his head and back on the toilet and floor. He was taken in an ambulance to the emergency room at Bothwell Regional Health Center. The ambulance report states the technicians found Frye lying on a wet floor and observed water puddles and a sheet by the toilet soaked with water. Doctors examined Frye and diagnosed a closed head injury, a concussion, and back and knee sprains. Frye was discharged and returned to the same cell. On June 13, 2000, a plumber attempted to repair the toilet. Frye was removed from the cell on July 21, 2000, and convicted of forgery. He is now a state prisoner, and alleges his current medical problems, including hearing loss and seizures, are a result of the fall.

To prevail on a condition-of-confinement claim, inmates and pretrial detainees must show (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996); Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001). The district court concluded there is no evidence from which a jury could find the officials were deliberately indifferent

_____

[*]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

to Frye's complaints about the leaky toilet or the health and safety of prisoners. On appeal, Frye asserts that there was.

Frye argues that because his cell was inundated with foul water and raw sewage for the ten weeks that he lived there, the officials failed to act in the face of an unjustifiably high risk of harm that was either known or so obvious that it should have been known to them. "[C]onstructive knowledge, or the 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference," however. Spruce v. Sargent, 149 F.3d 783, 786 (8th Cir. 1998). Deliberate indifference is a difficult standard to meet. Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998). Mere negligence is not enough. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). To show deliberate indifference, Frye must prove the officials knew of facts from which they could infer a substantial risk of serious harm existed and that the officials drew that inference. Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998). Here, Frye acknowledges the deputies frequently provided blankets or towels to absorb water and a plumber who tried to fix the toilet once after Frye fell. Thus, the officials responded to the complaints and tried to remedy the problem. Undoubtedly, the blankets helped. The fact that the remedies fell short of curing the problem does not show the officials were deliberately indifferent to Frye's health and safety. As the district court stated, "The uncontested evidence does not support a finding that the prison officials were aware that the towels were insufficient to maintain a safe area or that the leakage was sufficiently serious that the prisoners had a substantial risk of falling which would cause serious harm."

Frye also asserts the district court should have allowed him to proceed with discovery so he could show the officials knew of a serious risk of harm and intentionally disregarded it for an offensive amount of time. Federal Rule of Civil Procedure 56(c) does not require the completion of all discovery before a court may properly grant summary judgment, however. Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). The Rule allows a party opposing summary judgment to seek

a continuance and postpone a summary judgment decision until adequate discovery has been completed.  Id.  Although Frye sought continuances, he did not do so on the basis that he needed more discovery.  Thus, the district court did not abuse its discretion in granting summary judgment based on the record before it.  Id.  Besides, the discovery would not help Frye's case.  Because we must view the record in Frye's favor, we assume, as the district court did, only one repair call by the plumber.  Thus, Frye needs no proof to contradict the plumber's affidavit that he made several repair calls.  Further, the officials do not dispute that the inmates filed grievances and made complaints about the leaky toilet.  The discovery sought is simply not material.

We affirm the district court's order granting summary judgment to the officials. We grant Frye's unopposed motion to supplement the record with the specific dates of his incarceration in the Pettis County jail, his pre- and post-injury requests to be moved from the cell containing the leaky toilet, and an account activity report received from the county auditor showing payment to the plumber for stool repair at the jail on June 13, 2000.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-