**Daniel MITCHELL, Plaintiff**

v.

**Aaron NEWRYDER, Defendant**

**No. Civ.02–107–B–S.**

United States District Court, D. Maine.

Feb. 5, 2003.

Daniel J. Mitchell, Bangor, ME, for plaintiff.

Michael J. Schmidt, Wheeler & Arey, P.A., Waterville, ME, for defendant.

### ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed January 10, 2003 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that Defendant's Motion to Dismiss for failure to state a claim is *DENIED*.

**RECOMMENDED DECISION ON MOTION TO DISMISS 42 U.S.C. § 1983 COMPLAINT**

KRAVCHUK, United States Magistrate Judge.

█ Daniel Mitchell was transported to the Aroostook County Jail on June 3, 2002, and placed in a toilet-less cell. In this civil rights action against Aaron Neureuther,[1] a jail employee, Mitchell alleges that over the course of the evening Mitchell's requests to use the bathroom were denied, he had a bowel movement in his pants, informed Neureuther of his need to clean up, but was made to sit in his feces for five hours. Neureuther has filed a motion to dismiss (Docket No. 12) to which Mitchell has replied (Docket No. 16). I now recommend that the Court **DENY** the motion to dismiss.

### *Standard for Motions to Dismiss*

Federal Rule of Civil Procedure 12(b)(6), pursuant to which Neureuther moves, provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In addressing the motion to dismiss I must take as true the well-pleaded facts as they appear in the complaint, and give Mitchell the benefit of every reasonable inference in his favor. *Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 34 (1st Cir.2002). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S.

41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Medina–Claudio,* 292 F.3d at 34. I further note that Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). *See also Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

█ Since Mitchell is proceeding *pro se* I measure his submissions by the "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Also in view of Mitchell's *pro se* status, I consider his other pleadings to understand the nature and basis of his claims. *Gray v. Poole,* 275 F.3d 1113, 1115 (D.C.Cir.2002) (citing the holding of *Richardson v. United States,* 193 F.3d 545, 548 (D.C.Cir.1999) that District Court abused its discretion when it failed to consider the *pro se* plaintiff's complaint in light of his reply to the motion to dismiss).

### *Discussion*

#### *A. The Complaint Allegations*

Mitchell's rendition of the facts is uncomplicated. He was brought to the Aroostook County Jail at about 5:00 p.m. on June 3, 2002. He was placed in a cell without a toilet, mattress, or blanket. He was not being punished for anything he did but was purposefully being isolated from the rest of the inmates. He was not intoxicated. He was not acting disrespectfully. Before being locked in Mitchell

---

**1.** The caption still lists "Aaron Newryder" as the defendant. The defendant has clarified that this is a misspelling of the defendant's last name, Neureuther. Neither side has

moved to correct the caption and this court does not, as a rule, *sua sponte* correct misspellings of party names.

asked a correctional officer if he could use the bathroom and this request was refused.

At approximately 8:30 p.m. that evening, Mitchell "needed to take a bowel movement." He started calling to the guards to let him out to use the bathroom, indicating it was an emergency. He was being continuously ignored by the officer in the control room. At about 9:30 p.m. he called to the guard in the control room that he really needed to use the bathroom and was again ignored by control room staff. Mitchell tried very hard to control his bowels but was unsuccessful. He had a bowel movement in his pants.

Mitchell started knocking at the door. The defendant, Neureuther finally came out of the control room and said, "I'm sick of listening to you." Mitchell explained to Neureuther that he needed to use the bathroom and get cleaned up. Mitchell showed Neureuther that he had feces all over himself. With a look of hatred toward Mitchell Neureuther said, "You're gonna have to sit in it and suffer, you ugly fuckface." Neureuther then left. Mitchell had to sit in his feces for five hours. Neither Neureuther nor any other guard took any corrective action with respect to this problem.

With respect to relief, Mitchell claims he was permanently traumatized by this incident. He wants a declaratory judgment that Neureuther violated his rights under the United States Constitution; an injunction ordering Neureuther to respect his rights, and physical and mental health; an order directing the Aroostook County Jail to initiate written policies and implement diversity training for all staff; a grant of $30,000 compensatory damages; and a $10,000 punitive damage award.

## B. The Basis for the Motion to Dismiss

Mitchell frames his claim under the Eighth Amendment of the United States Constitution.[2] Neureuther challenges the complaint on three fronts. I take them in turn.

## 1. Failure to State a Claim

The forefront of Neureuther's attack on Mitchell's pleading is that these allegations fail to state a claim under the Eighth Amendment because "the best he can argue is that he was exposed to some discomfort or inconvenience as a result of the alleged actions taken by the Defendant." (Mot. Dismiss. at 4.)

The Eighth Amendment makes it unconstitutional to inflict "cruel and unusual punishment." U.S. Const. amend. VIII.[3] In a pivotal cruel and unusual punishment case pertaining to prison conditions the United States Supreme Court stated that,

the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman* 452 U.S. 337, 349, 101 S.Ct. 2392, 69

---

**2.** Mitchell also states that Neureuther violated his rights under the "Prisoners Rights Rule 12B6, Standard 23–6–9" which purportedly provides that prisoners should be entitled to a healthful place in which to live, to be protected from disease or emotional and psychological pain. Neureuther has not addressed this claim and I could not identify such a standard.

**3.** It is not clear whether Mitchell was a pre-trial detainee or a convicted inmate at the jail. It is not yet settled whether *Farmer's* Eighth Amendment analysis applies equally to pre-

trial detainees or arrestees as it does to convicted felons. *See Bell v. Wolfish*, 441 U.S. 520, 537 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (observing the distinction between the due process clause prohibition on punishing pre-trial detainees and the Eighth Amendment's prohibition on cruel and unusual punishment of convicted inmates); *see also Smith v. Copeland*, 87 F.3d 265, 268–69 (1996). As I am recommend disposing of the motion unfavorably to Neureuther, using the more favorable to him Eighth Amendment standard is appropriate.

L.Ed.2d 59 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling [v. McKinney],* 509 U.S. [25,] 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 [ (1993) ]. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "The Amendment," the Court explained, "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832, 114 S.Ct. 1970 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

In *Farmer* the Court clarified that the Eighth Amendment has an objective and a subjective component. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" *id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991),) that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities,'" *id.* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the prison official must have a " 'sufficiently culpable state of mind,'" *id.* (quoting *Wilson,* 501 U.S. at 297, 111 S.Ct. 2321), and in prison-conditions cases as is Mitchell's "that state of mind is one of 'deliberate indifference' to inmate health or safety," *id.* (quoting *Wilson,* 501 U.S. at 302–03, 111 S.Ct. 2321).

Neureuther asserts that the allegations do not support a claim under the Eighth Amendment because he does not allege that he was at "any risk of harm, let alone a substantial risk of serious harm." (*Id.* at 4–5.) Furthermore, Neureuther contends, Mitchell has not alleged facts that would support a conclusion that Neureuther had subjective knowledge of a substantial risk of harm to Mitchell because there was no such risk.

Neureuther's argument ignores that there are different sub-classifications of deliberate indifference claims under the Eighth Amendment. While its two-prong test is applicable to all deliberate indifference claims, *Farmer* addressed a claim by an inmate that prison staff failed to protect him from foreseeable violence by other inmates. Neureuther's legal argument is premised on the *Farmer* observation that, "[f]or a claim (like the one here) *based on a failure to prevent harm,* the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (emphasis added). However Mitchell's is not a "failure to protect" deliberate indifference claim.

Mitchell is claiming that he was purposefully subjected to dehumanizing prison conditions. The facts as alleged meet the objective component of *Farmer* in that, if proven, Neureuther's refusal to allow Mitchell to use the facilities to clean himself up for a five hour period (not to mention any involvement he may have had in denying Mitchell access to the bathroom) was an omission that resulted in the denial of a minimal civilized measure of life's necessities. Furthermore, Mitchell has alleged that Neureuther displayed hostility towards Mitchell during his denial, using insulting and offensive language and expressions. This sufficiently satisfies the pleading requirement for the second *Farmer* requirement that the plaintiff demonstrate that the defendant had a culpable state of mind.

I reach this conclusion after examining cases in which other courts have addressed

cases alleging deprivations of basic human needs. *See, e.g., Hill v. McKinley,* 311 F.3d 899, 903 (8th Cir.2002) (Fourth Amendment violation when plaintiff was secured to the restrainer board naked and spread-eagled in the presence of male officers for three and a half hours, though the defendant prevailed on qualified immunity); *Delaney v. DeTella,* 256 F.3d 679, 683–86 (7th Cir.2001) (denying segregated inmate all out-of-cell exercise opportunities for six months was an objectively serious deprivation of a basic human need); *Palmer v. Johnson,* 193 F.3d 346, 349, 351–53 (5th Cir.1999) (overnight outdoor confinement without shelter, protective clothing, or acceptable means to dispose of bodily waste was a deprivation of the minimal civilized measures of life's necessities); *but see Smith v. Copeland,* 87 F.3d 265, 268–69 (8th Cir.1996) (being subjected to an overflowing toilet in plaintiff's cell for four days was not violative of the pre-trial detainee's constitutional rights under the totality of the circumstance). I conclude that Mitchell has articulated a "set of facts in support of his [Eighth Amendment] claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

### 2. Availability of Damages in View of 42 U.S.C. § 1997e(e)

█ Congress has set limits on the recovery of damages that inmates can recover. It has provided: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Neureuther asserts that since Mitchell's complaint does not allege an actual physical injury he may not, as a prisoner, bring a civil suit for mental or emotional injuries without a prior showing of physical injury. (Mot. Dismiss at 5.) Accordingly he seeks dismissal of the complaint to the extent that it seeks compensatory damages. (*Id.*) In his response to the motion to dismiss Mitchell states that physical harm was caused by the contact with his feces alleging that "Hepatitis A is caused by feces which plaintiff was made to sit in for hours on end." (Resp. Mot. Dismiss at 1.)

To the extent that Mitchell is seeking compensatory damages for any mental or emotional injury as a current inmate in a correctional facility such damages are foreclosed by § 1997e(e) unless he can prove his allegation that he suffered an actual physical injury. *See, e.g., Harris v. Garner,* 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reversed in part on other grounds* 216 F.3d 970 (dry shave does not amount to a physical injury sufficient to circumvent the § 1997e(e) bar).[4]

### 3. Availability of Equitable Relief

█ Drawing on the standard for preliminary injunctions, Neureuther further argues that the Court should not entertain Mitchell's request for injunctive relief barring further interference with his rights

---

4. I further note that the foreclosure of compensatory damages vis-à-vis § 1997e(e) does not ineluctably lead to the conclusion that the plaintiff cannot be awarded nominal and punitive damages. Though the First Circuit has not joined the issue, at least four other Courts of Appeal have concluded that § 1997e(e) does not foreclose nominal and punitive damages. *See Oliver v. Keller,* 289 F.3d 623, 629–30 (9th Cir.2002) (concluding that § 1997e(e) did not bar claim for nominal and/or punitive damages

tives in the case before it, liberally construing a *pro se* complaint as seeking nominal damages as well as the punitive expressly sought); *Thompson v. Carter,* 284 F.3d 411, 418 (2d Cir.2002) (collecting cases and concluding with "the majority" position that § 1997e(e) does not limit the availability of nominal or punitive damages for the violation of a constitutional right); *Doe v. Delie,* 257 F.3d 309, 314 n. 3 (3d Cir.2001) ("[Section] 1997e(e) does not bar claims seeking nominal damages

and directing the jail to promulgate policies because Mitchell cannot demonstrate that he would suffer irreparable harm and because the jail is not a party to suit. As to the latter point Neureuther is correct, Mitchell cannot anticipate an order directing non-defendants to promulgate policies (or initiate training).

With respect to Mitchell's request that the Court enjoin Neureuther from violating Mitchell's rights, Mitchell has not sought a preliminary injunction but asks for this injunction as part of his ultimate remedy. If Mitchell prevails on his Eighth Amendment claim the demonstration of harm of a constitutional magnitude could form the basis for enjoining any further such harm.

"Alternatively," Neureuther argues, Mitchell's pursuit of injunctive relief should be thwarted because he has no standing to seek injunctive relief That is, if Mitchell demonstrates that Neureuther violated his rights he would "have the availability of initiating a lawsuit to seek redress of any such violation" and, thus, "he has an adequate remedy at law." This action *is* Mitchell's pursuit of an adequate remedy at law.

to vindicate constitutional rights, nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights."); *Searles v. Van Bebber,* 251 F.3d 869, 880–81 (10th Cir.2001) (concluding that "Congress simply did not choose to provide a restriction on punitive damages").

There are two "dissenting" circuits. Without much discussion of the distinction between compensatory and punitive damages, the Eleventh Circuit applied § 1997e(e) to foreclose both compensatory and punitive damages. *See Harris,* 190 F.3d at 1286–87. The Court of Appeals for the District of Columbia has concluded that Congress intended to bar punitive damages as well as compensatory damages through § 1997e(e). *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C.Cir.1998). The Court reasoned:

> Nor do we think the punitive claim can survive. Amicus argues that because puni-

### Conclusion

For these reasons I recommend that the Court DENY the motion to dismiss for failure to state a claim.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 10, 2003.

tive damages are awarded to punish the tortfeasor rather than to compensate the victim, they are not embraced by § 1997e(e). But § 1997e(e) draws no such distinction. It simply prevents suits "for" mental injury without prior physical injury. As the purposes of compensatory awards themselves are multifaceted (including, for example, deterrence), it can hardly be the case that, when a suit alleges only mental or emotional injury, the presence of additional purposes makes a suit not "for" the injuries alleged. Further, much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that the defendant acted maliciously.

*Id.*