# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2545

_____

Murlin R. Phillips,        *
       *
          Appellant,        *
       *   Appeal from the United States
      v.        *   District Court for the
       *   Eastern District of Missouri.
Jon A. Kiser, Wayne County        *
Prosecutor,        *   [UNPUBLISHED]
       *
          Appellee.        *

_____

Submitted: March 16, 2006
Filed: March 23, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri state prisoner Murlin Phillips appeals the district court's preservice dismissal, without prejudice, of his 42 U.S.C. § 1983 action against Wayne County Prosecutor Jon Kiser. Phillips also appeals the denial of his "Motion to Modify Order and Memorandum," in which he moved to set aside the dismissal order and for disqualification of the district judge. We affirm in part and reverse in part.

Phillips claimed that Kiser knowingly caused his punishment while he was a pretrial detainee and interfered with his ability to change attorneys and prepare a defense in his criminal case by directing that he be transferred to another county's

detention facility, placed in solitary confinement, and denied telephone privileges. Phillips also claimed that Kiser maliciously prosecuted him and denied him a fair trial and appeal by making false statements to the state court at a guilty-plea hearing.

After the district court dismissed the complaint without prejudice, Phillips moved to set aside the dismissal and for the district judge to disqualify himself. The district court denied the motion without comment, and this timely appeal followed.

Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we agree with the district court that Kiser had absolute immunity with respect to the alleged false statements to the state court, see Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.), cert. denied, 519 U.S. 867 (1996); cf. Carter v. Burch, 34 F.3d 257, 261-63 (4th Cir. 1994) (absolute immunity as to § 1983 claim based on prosecutor's pretrial withholding of exculpatory evidence), cert. denied, 513 U.S. 1150 (1995). We also agree that Phillips's defense-interference claim was barred because a favorable decision would call into question the fairness of his trial, thus undermining the validity of his conviction and sentence. See Heck v. Humphrey, 512 U.S. 477, 481-82 (1994). But the claims based on Phillips's allegations that Kiser ordered him transferred and placed in solitary confinement to punish him, rather than to impair his defense, were not Heck-barred. See id. at 487 (where § 1983 action, even if successful, will not demonstrate invalidity of any outstanding criminal judgment, action should be allowed to proceed); cf. Moore, 200 F.3d at 1171-72 (preservice dismissal of inmate's § 1983 action on Heck grounds was improper because success on an unlawful-seizure-and-detention claim would not necessarily imply invalidity of his drug-possession conviction; by contrast, claim that evidence was unlawfully "planted" was Heck-barred).

As to whether these allegations were sufficient to avoid preservice dismissal, we conclude that Phillips did not have a liberty interest in avoiding transfer to another detention facility, see Stigall v. Madden, 26 F.3d 867, 869 (8th Cir. 1994), or in

having unrestricted telephone privileges, given that his submissions below indicate a legitimate need to limit those privileges based upon a witness's complaints, see Valdez v. Rosenbaum, 302 F.3d 1039, 1045-46 (9th Cir. 2002) (no constitutional violation in restricting pretrial detainee's use of telephone to prevent him from "tipping off" co-conspirators about recently issued indictments; restrictions were reasonably related to government's legitimate interest in ensuring officer safety when executing arrests and preventing detainee from helping others elude arrest), cert. denied, 538 U.S. 1047 (2003).

Phillips did have the right to be free from punishment as a pretrial detainee, however, and we conclude that he stated a claim based on Kiser's alleged involvement in ordering the solitary confinement to punish him. See Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996) (pretrial-detention conditions violate due process if they amount to punishment); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (requiring pretrial detainee to work or be placed in administrative segregation is punishment; claim that pretrial detainee was denied due process when placed in administrative detention for refusing to work did not lack arguable basis in law and should not have been dismissed prior to service), cert. denied, 507 U.S. 1009 (1993); Price v. Moody, 677 F.2d 676, 677-78 (8th Cir. 1982) (per curiam) (reversing dismissal based on prosecutorial immunity where prisoner alleged prosecutor personally directed that prisoner be taken to specific jail and confined under offensive conditions). Accordingly, we remand for further proceedings on this claim, and affirm the dismissal in all other respects.[1]

_____

[1] We have reviewed the record concerning Phillips' claim that the district judge should have recused himself. We are persuaded that the district court properly resolved the issue, and we affirm the district court's order denying the recusal motion. See 28 U.S.C. § 455(a).