# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3580

_____

Willie Munn

*Plaintiff - Appellant*

v.

Sheriff Danny Martin

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: April 18, 2013
Filed: April 22, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Willie Munn appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review, see Lieffort v. Dakota, Minn. & E. R.R. Co., 702 F.3d 1055, 1057 (8th Cir. 2013), we find no basis for reversal.

First, Munn's periods of detention at the county facility--about 16 hours on one occasion and about 22 hours on another--were too brief to support his conditions-of-confinement claims. See Beaulieu v. Ludeman, 690 F.3d 1017, 1045 (8th Cir. 2012) (to establish constitutional violation for conditions of confinement, plaintiff must show conditions posed substantial risk of serious harm and defendant knew of but disregarded that risk); Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (length of time prisoner is subjected to harsh conditions is critical factor in analysis). Second, the evidence showed that the detention facility had policies in place providing for certain required services, contrary to Munn's conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (conclusory statements and threadbare recitals of claim elements are insufficient to state claim). Third, Munn did not explain how Sheriff Danny Martin was involved in any alleged denial of medication or medical care, see Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (while construed liberally, pro se complaint must allege sufficient facts supporting claims advanced; court will not construct legal theory using facts not pleaded), and the evidence showed that Munn received his medications while he was at the detention facility.

Accordingly, we conclude that summary judgment was properly granted. We modify the judgment to clarify that the dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g), see Williams v. Lehman, 111 Fed. Appx. 852, 852 (8th Cir. 2004) (unpublished per curiam) (case resolved though summary judgment does not constitute § 1915(g) "strike"), and we affirm the judgment as modified.

_____

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(b).